IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
ORDER ON DEFERRED SENTENCING PLEA AGREEMENT

UNITED STATES OF AMERICA,

                Plaintiff,                ORDER

                    v.                     23-cr-21-wmc-1

ARVIN RAJ MATHUR,

                Defendant.

A plea hearing was held on October 25, 2024, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Elizabeth Altman. Defendant was present in person and by counsel Jonathan Greenberg. Also present was U.S. Probation Officer Ryan E. Plender.

FACTS

From the record, I make the following findings of fact. On March 15, 2023, the grand jury returned a six-count indictment against the defendant. Each count alleges that on separate occasions in February 2023, the defendant transmitted threatening communications in interstate commerce in violation of 18 U.S.C. § 875(c). The defendant was initially arrested on March 11, 2023, in the Eastern District of Michigan, where he was ordered detained. A competency evaluation was ordered by Magistrate Judge Stephen L. Crocker on April 7, 2023 (dkt. #11), and the defendant was found incompetent to stand trial on June 29, 2023 (dkt. #15). He was then committed to the custody of the Attorney General for competency restoration, which was accomplished on April 4, 2024. (Dkt. #26.) The defendant was released on pretrial conditions on May 3, 2024. (Dkt. No. 31.)

On September 20, 2024, the defendant entered into a written plea agreement with the government. (Dkt. #41.)

After reviewing the plea agreement, bail report, release order, victim impact statement(s), and the status report prepared by the pretrial services officer, as well as the plea colloquy and statements by the parties, I will accept the terms of the deferred sentencing plea agreement and continue the defendant's release on conditions as ordered on May 3, 2024, and amended on September 30, 2024, with specific revisions to Special Condition Nos. 21 and 28.

<u>Special Condition No. 21</u>: Divertee shall have no contact with the known victims (KVs). Specifically, not associate with, speak to or contact through the use of telephone, text, email, or have any contact whatsoever with the KVs in this case. Divertee shall not enter the premises or loiter within 1,000 feet of the victims' residence or place of employment.

<u>Special Condition No. 28</u>: Divertee shall obtain pre-approval from the supervising U.S. Probation and Pretrial Services Officer of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information before used by divertee. This includes external and portable hard drives, personal computers, gaming devices, and cellular telephones. Divertee shall consent to and cooperate with unannounced examinations of any technological equipment owned or used by divertee. The pretrial services office is authorized to install applications to monitor any such devices owned or operated by divertee. The examinations may involve an initial examination of IT device(s) to assess pending approval to ensure IT device is appropriate.

Because the plea agreement includes a delayed sentence, no further hearings will be scheduled at this time. Additionally, while the defendant fulfills the terms of the deferred agreement:

2

- The defendant is to comply with conditions set forth in the plea agreement.

- If the defendant is noncompliant with the conditions of release and the U.S. Attorney's Office terminates the deferred agreement, the defendant will remain on pretrial release conditions while the case is pending and subject to the penalties and sanctions in release order dated May 3, 2024 (*ECF Dkt. No. 31*) and amended on September 30, 2024.

Entered this 29th day of October, 2024.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge